UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHNNY HOYT (#479082)

VERSUS                                    CIVIL ACTION

JAMES LEBLANC, ET AL                      NUMBER 12-699-BAJ-SCR


<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 15, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHNNY HOYT (#479082)

VERSUS                                    CIVIL ACTION

JAMES LEBLANC, ET AL                      NUMBER 12-699-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss.  Record document number 15.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Asst. Warden Robert Butler, Col. Jimmy Smith, Maj. Trent Barton, classification officer Donald Cavalier and Jane Doe Butler.[2] Plaintiff alleged that the defendants violated his constitutional rights when they failed to release him from Camp J after his appeal of the disciplinary board decision was granted.

### I. Factual Allegations

Plaintiff alleged that on June 19, 2012, he was issued a disciplinary report accusing him of attempting to escape.

---

[1] Record document number 20.

[2] Record document number 6, First Amended Complaint.

Plaintiff alleged that on June 27, 2012, he was found guilty of the disciplinary report and was sentenced to a transfer to Camp J. Plaintiff alleged that on September 11, 2012, his disciplinary board appeal was granted, the disciplinary report was ordered expunged and the sentence was voided.[3] The appeal decision further provided that the plaintiff "will be referred to the appropriate Classification Review Officer for housing, custody and job placement similar to that he held at the time of the incident, taking his subsequent conduct history into consideration."[4]

Plaintiff alleged that although the disciplinary report was expunged, he was not reclassified until November 2012 when he was classified to Camp D Hawk, a non-punitive camp where all of the privileges he held before the incident were restored.

Plaintiff alleged that prior to his classification to Camp D Hawk, he wrote letters to Asst. Warden Butler, Col. Smith, Maj. Barton and Ms. Butler informing them that his disciplinary board appeal had been granted but he had not been released from Camp J. Plaintiff alleged that he received no response from the defendants. Plaintiff alleged that he spoke with Cavalier about his predicament but Cavalier failed to provide an assistance.

Plaintiff alleged that defendant Jane Doe Butler was

---

[3] Appeal Decision, Disciplinary Board Appeal Number LSP-2012-0348-W, record document number 6, p. 22.

[4] *Id.*

2

responsible for having him transferred to his new housing unit once he was reassigned by the Classification Review Officer.

Plaintiff alleged that defendants Asst. Warden Butler, Col. Smith and Maj. Barton conspired to have his name put on the Camp J Backlog Roster to delay his transfer from Camp J to another housing unit.

## II. Applicable Law and Analysis

### A. Lack of Subject Matter Jurisdiction

Defendants[5] moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P.

Under Rule 12(b)(1), a district court may dismiss for lack of subject matter jurisdiction on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2007)(internal quotation marks omitted).

### Eleventh Amendment Immunity

First, the defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacities.

---

[5] Jane Doe Butler was not served with the summons and complaint and did not participate in the defendants' motion to dismiss.  Record document number 14.

3

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991).  A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985).  Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law.  A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device."  Officers sued in their personal capacity come to court as individuals.  A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the state.

4

*Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights. However, because the plaintiff did not seek prospective injunctive relief his claims against the defendants in their official capacities are not actionable under § 1983.[6]

### Failure to Exhaust Administrative Remedies

Second, the defendants moved to dismiss the complaint for lack of subject matter jurisdiction on the ground that the plaintiff failed to exhaust available administrative remedies before filing suit.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

(a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is

_____

[6] Amended Complaint, record document number 6, p. 11.

5

pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff alleged that he filed an appeal of the disciplinary report issued on June 19, 2012, and the disciplinary appeal was

assigned as Disciplinary Board Appeal Number LSP-2012-0348-W.[7] Plaintiff alleged that the disciplinary board appeal was granted on September 11, 2012, and it required that the disciplinary report be expunged and the sentence be voided.[8] In addition, the appeal decision required that the plaintiff be referred to the appropriate Classification Review Officer for housing, custody and job placement similar to that which he held at the time of the incident.[9] Plaintiff alleged that after a significant amount of time elapsed and he was not reclassified in accordance with the disciplinary board appeal decision, he filed an administrative grievance complaining about the failure to reclassify him in a timely manner.

Plaintiff attached as an exhibit to his First Amended Complaint a copy of an administrative grievance dated October 1, 2012, in which he complained that he was being held in Camp J even though his disciplinary appeal was granted and he was supposed to be reclassified.[10] Plaintiff also attached a copy of the Administrative Remedy Procedure & Property Claims Input Screen which showed that the administrative grievance was assigned as Case

---

[7] Record document number 6, p. 22.

[8] *Id.*

[9] *Id.*

[10] Record document number 6, pp. 31-35.

Number LSP-2012-3075.[11]   The Administrative Remedy Procedure & Property Claims Input Screen showed that on October 3, 2012, LSP-2012-3075 was rejected on grounds that "it pertains to disciplinary matters which may not be appealed through the ARP system. Disciplinary Matters must be appealed through the disciplinary appeal process."[12]

It is clear on the face of the complaint that the plaintiff attempted to exhaust what he believed were available administrative remedies by filing LSP-2012-3075 through the Administrative Remedy Procedure ("ARP").  Prison officials rejected the ARP on the ground that it pertained to a disciplinary matter and could not be addressed through the ARP.

It is apparent on the face of the complaint that the Administrative Remedy Procedure was not available to the plaintiff for the purpose of exhausting administrative remedies regarding the claim raised in the complaint, i.e., the failure to promptly reclassify the him in accordance with the September 11, 2012 disciplinary board appeal decision.  The disciplinary appeal process had already been concluded, the plaintiff's ARP was rejected because the issue could not be addressed by that mechanism, and there is no indication in the record that there is another formal administrative mechanism available to address the

---

[11] *Id.* at 35.

[12] *Id.*

issue or through which the plaintiff could obtain the type of relief sought. For these reasons, the plaintiff's complaint is not subject to dismissal pursuant to 42 U.S.C. § 1997e(a).

**B. Motion to Dismiss Standard**

Defendants also moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

Plaintiff alleged that after the disciplinary board appeal was granted he continued to be confined in Camp J, for about two months, awaiting the determination by a Classification Review Officer of an appropriate  housing, custody and job placement. Plaintiff alleged that although he notified the defendants that he continued to be housed in Camp J, none of them responded to his letters or took any action to make the unidentified Classification Review Officer reclassify him to another housing unit.

Classification of inmates in Louisiana is the duty of the Louisiana Department of Corrections and inmates have no right to a particular classification under state law. *McGruder v. Phelps*, 608

10

F.2d 1023 (5th Cir. 1979.)  Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that the defendants are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Plaintiff also alleged that defendants Asst. Warden Butler, Col. Smith and Maj. Barton conspired to have his name moved on the Camp J Backlog Roster to delay his transfer from Camp J to another housing unit.

To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. *Arseneaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982).  The conspiracy allegations made by the plaintiff are conclusory, and more than a blanket of accusation is necessary to support a § 1983

11

claim. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987); *Arseneaux v. Roberts, supra*.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Defendant's Motion to Dismiss be granted and this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against the defendants consistent with the facts alleged in his complaint.

It is further recommended that the plaintiff's claims against Jane Doe Butler be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., for failure to timely serve the defendant.

Baton Rouge, Louisiana, November 15, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE