# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHNNY HOYT (#479082)	CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.	NO.: 12-00699-BAJ-SCR

## RULING AND ORDER

On November 15, 2013, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that the Defendants' Motion to Dismiss (Doc. 15) be granted; that Plaintiff Johnny Hoyt's action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and that Plaintiff's claims against Defendant Jane Doe Butler be dismissed pursuant to Federal Rules of Civil Procedure ("Rule") 4(m). (Doc. 21.)

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 21, at 1.) On November 26, 2013, Plaintiff motioned for an extension of time in which to file a written objection to the Report and Recommendation. The Court granted Plaintiff's motion (Doc. 23), and he was given until December 9, 2013 to file a written objection. A review of the record indicates that Plaintiff filed a timely memorandum

in opposition to the Magistrate Judge's Report and Recommendation on December 10, 2013.[1] (Doc. 24.)

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.[2]

Accordingly,

---

[1] In light of the Court's order issued December 3, 2013 (Doc. 23) and the law cited therein, the Court finds the filing date of Plaintiff's memorandum in opposition to the Magistrate Judge's Report and Recommendation to be timely.

[2] Plaintiff's objection primarily focuses on (1) the Magistrate Judge's finding that he has failed to state a claim for which relief can be granted pursuant to Rule 12(b)(6), and (2) the finding that Plaintiff's action should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(2)(B)(ii). Regarding the first point, Plaintiff asserts that he has stated enough facts against at least two of the Defendants to support his claims against them. (Doc. 24, at 3.) He also asserts that the Defendants violated his constitutional rights by purposely placing his name on the prison backlog, thereby sufficiently supporting a § 1983 claim. (*Id.*) In response to the Magistrate Judge's characterization of the complaint, Plaintiff states that "[t]he Magistrate [Judge] is getting Plaintiff's claim wrong: the Plaintiff is not arguing that he has a right to a particular classification under state law. He is arguing that he has a due process right not to be housed in a punishment camp (Camp J) for two additional months after his sentence had been made void in respect to that camp." (*Id.*)

The Court adopts the findings of facts and conclusions of law reached by the Magistrate Judge. Plaintiff has not provided a sufficient factual basis to the Court that would allow this complaint to proceed under the Federal Rules. Irrespective of Plaintiff's assertion that the Magistrate Judge mischaracterized the basis of his complaint, the result is nonetheless the same. "Classification of inmates in Louisiana is the duty of the Louisiana Department of Corrections and inmates have no right to a particular classification under state law." (Doc. 21, at 10, citing *McGruder v. Phelps*, 608 F.2d 1023 (5th Cir. 1979)). Further, Plaintiff has not established a particular constitutional right that has been violated, nor has he alleged sufficient facts against a particular Defendant that could survive the Rule 12(b)(6) standard. To the extent that Plaintiff claims the Defendants conspired against him to place his name on the prison backlog, the factual allegations to support such a notion are insufficient to support a viable claim.

Regarding Plaintiff's second point, the Court again adopts the findings of facts and conclusions of law reached by the Magistrate Judge. Plaintiff asserts that the frivolous standard of 28 U.S.C. § 1915(2)(B)(ii) does not apply to him because he paid the entire filing fee to the Court. (Doc. 24, at 5.) However, the statute provides in pertinent part that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(2)(B)(ii). Thus, Plaintiff's payment of the full filing fee has no bearing on whether his claim can be dismissed as frivolous pursuant to this statute.

Case 3:12-cv-00699-BAJ-SCR   Document 25   01/08/14   Page 2 of 3

IT IS ORDERED that the **Magistrate Judge's Report** (Doc. 21) is **ADOPTED** as the Court's opinion herein.

IT IS FURTHER ORDERED that the **Defendant's Motion to Dismiss** (Doc. 15) is **GRANTED**.

IT IS FURTHER ORDERED that the above captioned matter is **DISMISSED**, without leave to amend, because there is no conceivable, non-frivolous federal claim Plaintiff Johnny Hoyt could assert consistent with the facts alleged in his complaint.

IT IS FURTHER ORDERED that Plaintiff Johnny Hoyt's claims against Defendant Jane Doe Butler are **DISMISSED,** pursuant to Rule 4(m), for failure to timely serve the defendant.

Baton Rouge, Louisiana, this 7th day of January, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

3